[No. 4441. Decided March 28, 1903.]

JOHN MOYNAHAN, *Respondent,* v. INTERSTATE MINING,
MILLING AND DEVELOPMENT COMPANY, *Appellant.*

PLEADING — OBJECTIONS — ESTOPPEL AFTER VERDICT.

After verdict a party is estopped to claim that the failure of
an adverse party to deny certain allegations in his pleading

amounts to an admission of their truth, where he not only went to trial as if the allegations had been denied, but introduced evidence to support their truth, and made no objection when counter evidence was offered, or when the question was submitted to the jury for their determination.

APPEAL — SUFFICIENCY OF EVIDENCE.

The weight and sufficiency of the evidence is always a question for the jury, where there is a substantial conflict; and, in such case, the judgment should be affirmed, although the appellate court may be satisfied that the evidence would have permitted a different verdict.

CONTRACT OF EMPLOYMENT — BREACH — ACTION FOR DISCHARGE — INSTRUCTIONS.

Where, in an action to recover upon a contract of employment, evidence that plaintiff began work at an earlier date than that fixed by the written contract had been excluded on the ground that it was a variation of a written instrument by parol, it was error for the court to charge the jury upon the question of defendant's liability by reason of the plaintiff having entered upon the services at a date earlier than the written contract.

SAME.

In an action to recover upon a contract of employment from which plaintiff had been discharged without the sixty days' notice provided by contract being given, the defense being that such a course was warranted by his gross breaches of contract, it was error to charge the jury that if the plaintiff was in the performance of his duties under the contract in good faith, in all its material particulars, "at the time" the defendant discharged him, then he could recover.

SAME.

Where the defendant, in order to justify the summary discharge of plaintiff, who was working for it under a contract of employment as its superintendent, had introduced evidence tending to show that plaintiff employed one dissolute woman as a cook and suffered another to occupy a house on the company's premises, and that he did not conduct himself properly with these women, it was error for the court, instead of treating the matter as an issue of fact for the jury to determine, to charge them that the question of plaintiff's moral or immoral conduct had nothing to do with whether he had discharged his duties under the contract. .

SAME — WAIVER OF NEGLECT OF DUTY.

Where, in an action to recover upon a contract of employ-
ment, defendant had counterclaimed for money overpaid to plain-
tiff for time when he was not engaged in the services of defen-
dant, a charge to the jury that "any payment by the defendant to
the plaintiff for any services during any particular time would
be a waiver of any fact of absence or neglect or failure to dis-
charge his duties during that time, which had come to the
knowledge of the defendant before the payment for that time,"
was misleading, in view of the fact that plaintiff had paid him-
self monthly out of the defendant's funds in his hands, and
defendant would not be estopped by the fact of payment, unless
it had knowledge that there was a failure to discharge the duties
for the particular time, knowledge that the time was paid for,
and a delay for an unreasonable time in demanding repayment.

Appeal from Superior Court, Spokane County.—
HON. LEANDER H. PRATHER, Judge. Reversed.

*Danson & Huneke* and *H. S. Stoolfire,* for appellant.

*James Dawson,* for respondent.

The opinion of the court was delivered by

FULLERTON, C. J.—Under date of January 16, 1900,
the appellant and respondent entered into a written con-
tract by which the appellant employed the respondent
to act as superintendent of its mining properties, situ-
ated in the Meyers Creek mining district, in this state,
at an annual salary of $3,600, payable in monthly in-
stallments of $300 each, on the last day of each month.
The contract stated in general terms the duties of the re-
spondent. He was to devote his entire time and best
judgment toward forwarding the interests of the com-
pany; to employ, subject to the approval of the general
manager of the company, such help at such wages as
his judgment dictated; to keep accounts of the business,
and submit the same monthly to the secretary of the
company; and to make weekly, in writing, duplicate re-

ports of the progress of the work, and forward one of such reports to the president, and the other to the general manager. The contract further provided that "Either party to this agreement shall have a right to terminate the same by giving to the other party sixty days' notice in writing of his or its intention so to do." The respondent entered upon his duties as superintendent in the month of January, 1900, and continued to act as such until the 18th day of June of the same year, when he was notified by the company that his services were no longer required. He disputed the right of the company to discharge him, and, with the aid of his son, undertook to hold possession of the mining property until a full year's salary should be paid him. Five days later, however, on June 23d, he surrendered the property to the appellant. At the time he surrendered the property he had been paid a salary from January 1st to June 1st. He brought this action to recover for the balance of the salary claimed to be due, and for damages for an alleged wrongful discharge. The jury returned a verdict in his favor for $793.10, for which amount, with the costs of the action, judgment in his favor was afterwards rendered. The appeal is from that judgment.

It is first assigned that the court erred in refusing to grant the appellant's motion for a new trial. Under this assignment the appellant seeks to raise the question of the sufficiency of the pleadings. In his complaint the respondent alleged that he had been wrongfully discharged by the appellant. In the answer the appellant denied this allegation, intermixing with his denials an allegation to the effect that the respondent was discharged because he had violated every provision of the contract; enumerating in a general way the acts and omissions which it deemed such a violation. Further on, by way of a further and separate answer, the appellant

repeated these allegations as a justification for discharging the respondent without giving him the sixty days' notice required by the contract. The reply denied the allegations contained in the further and separate answer, but was silent as to them where they first appeared. The appellant insists now that the failure to deny these allegations amounted to an admission of their truth; that they stated facts justifying the respondent's discharge, and consequently it was error to permit the respondent to recover. Without determining whether or not the reply was sufficient to put in issue these allegations, had the question been raised at the proper time, we are clear that the appellant is now estopped from claiming that they were not in issue. It not only went to trial as if the allegations had been denied, but introduced evidence to support their truth, and made no objection when counter evidence was offered, or when the question was submitted to the jury for their determination. After verdict it was too late to claim there was no issue as to these matters.

Further, under this assignment, the appellant contends that the evidence was insufficient to justify the verdict. Clearly, there was evidence which would have sustained a different finding on the part of the jury; and, were we permitted to review the case on the evidence, it may be that we would reach a different conclusion from that reached by the jury. But this does not justify a reversal. The weight and sufficiency of the evidence is always a question for the jury where there is a substantial conflict, and we find in this case such a substantial conflict on every material issue made by the pleadings.

The contract, it will be noticed, bore date as of the 16th day of January, 1900. The respondent at the end of that month paid himself a full month's salary, name-

ly, $300; reporting the payment in his statement of account for that month which he was required to forward to the secretary of the appellant company. The appellant, as one of its items of counterclaim, charged the respondent with $150; claiming that he had overpaid himself that amount on this January payment. The respondent had alleged in his complaint that he began work on January 1, 1900, which the appellant denied; setting out the contract and averring that it was entered into on the day it bore date. When the respondent sought to offer evidence on this subject, an objection was interposed and sustained on the ground that the written contract could not be varied by parol. The court, however, gave the jury the following instruction:

"This contract, gentlemen, I charge you, is a contract for a year's services from its date; I charge you, however, as to the time of the beginning of the services of the plaintiff, if you should find from the evidence that plaintiff begun services there at an earlier date, and that they were paid for by the defendant, you may find that it was considered and agreed between the parties, that the services should begin at said date, as it already actually began, and which he was actually paid for without objection."

The appellant assigns this as error; contending that it is an incorrect statement of the law, considered as an abstract proposition, and particularly incorrect when applied to the facts of this case. It seems to us that the instruction is subject to criticism. In the first place, though perhaps not very material here, the contract was not a contract for a year's service, but one for an indefinite period, terminable at the option of either party by giving the other sixty days' notice. In the next place, it is so confusing in its language as to leave in doubt its precise meaning. While it does tell the jury, if they

find certain facts, that certain others may be properly deduced therefrom, yet it is capable of being construed as telling the jury that these facts actually existed. But the error lies in instructing the jury on the subject at all after ruling out the evidence offered in support of it. True, it was made to appear by evidence given to support or defeat other contentions that the respondent began work earlier than the 16th of January; but to treat this, in the instructions to the jury, as evidence tending to show an agreement to pay for such services, or a waiver of an overdraft on the part of the respondent clearly shown by the contract, was to mislead the appellant. It had the right to suppose the matter not in issue, and offered no evidence in explanation of it. The court's action deprived it of this substantial right.

Charging the jury on the subject of terminating the contract, the court said:

"Now I charge you that if either party to this contract violated its terms in any material respect, then the other party had a right thereupon to consider the contract at an end, and this 60 days' notice should not be required, but when the parties to this contract, during the time when the parties to this contract were in the performance of it in good faith, in its terms, then during such time neither party could have the right to terminate it without giving the 60 days' notice as provided in the contract."

Again in the instruction following this he said:

"I charge you further that if you should find from the evidence that the defendant gave notice to the plaintiff that the contract was then terminated or ended, and to turn over the goods of the defendant to somebody else, and you also find that during that time and at that time the plaintiff was discharging his duties under the contract in all of its material particulars, then" the discharge was wrongful.

In the next paragraph of the charge similar language

was used. It will be noticed that the court here says that if the respondent was in the performance of his duties under the contract in good faith, in all of its material particulars, at the time the appellant discharged him, then his discharge was wrongful, and he was entitled to recover for the extra sixty days; in other words, it mattered not how negligent he had been before, or how many times or in how many ways he had violated the terms of the contract, if, as a matter of fact, he was performing it according to its terms at the very moment of his discharge, then the discharge was wrongful. Manifestly this is not the law. The appellant could, of course, condone a breach of the contract on the part of the respondent. It might be held to have done so, were it shown that it had passed it by in silence for an unreasonable time after knowledge of all the facts. But gross breaches of the contract, such as are charged here, are not to be overlooked because the respondent was in the performance of his duties at the time he was discharged. Something tending to show condonation of the fault, such as lapse of time after knowledge of the breach or other conduct inconsistent with a right to claim a forfeiture, must appear, before such a result follows.

The appellant, to justify its summary discharge of the respondent, introduced evidence tending to show that the respondent had hired one dissolute woman as a cook, and had suffered another to occupy a house on the premises of the company rent free, furnishing her with wood at the appellant's expense, and allowing her to use other of the company's property. It was in evidence, also, that the appellant had not at all times conducted himself properly with these women. All this was emphatically denied by the respondent, and he has much corroboration in the tes-

timony of other witnesses.   The court, however, instead
of treating it as an issue of fact to be determined by the
jury, gave them the following instruction:

" In determining whether or not the plaintiff was in the
performance of the terms of his contract, it would make
no difference to the defendant whether the plaintiff was a
moral or immoral man, or was acting in a moral or im-
moral way, excepting so far as it might be if you should
find from the evidence that his immorality, if there was
any upon his part, prevented him in any way from dis-
charging his duties, the duties of his contract; that is, the
mere fact of his being an immoral man or keeping immoral
company, if that were the fact, could not be considered by
you in determining whether or not he had been in the dis-
charge of his duties under the contract."

This was error.   It was implied in the contract of em-
ployment that the respondent should conduct himself when
around the premises with ordinary decency, and if he was
guilty of the acts charged against him his discharge was
justifiable, and he could not recover as for a breach of the
contract.   The court should have submitted the question of
fact to the jury, charging them to find against or for the
respondent as they found the charge to be true or untrue.

A part of appellant's counterclaim was for money the
respondent had paid himself for time when he was absent
from and not engaged in the services of the company.   On
this subject, the court gave the jury the following instruc-
tion:

"Any payment by the defendant to the plaintiff for any
services during any particular time would be a waiver of
any fact of absence or neglect or failure to discharge his
duties during that time, which had come to the knowledge
of the defendant before the payment for that time, and if
you should find from the evidence that, during any part
of the time of plaintiff's services under the contract, he was

absent attending to his own business and neglecting the business of the company the plaintiff could not recover for such time; but if you should find from the evidence that the company defendant, knowing the facts in the case, notwithstanding paid the plaintiff for that time, it would be a waiver of those facts and could not be charged against the plaintiff thereafter."

This was clearly misleading. When it is remembered that the appellant paid himself out of the company's funds at the end of each month his salary for that month, the court's charge is equivalent to saying the appellant cannot recover on these counts at all. Such is not the law. There must be knowledge of the fact that there was a failure to discharge the duties for the particular time, knowledge that the time was paid for, and a delay in demanding it back for an unreasonable time thereafter, before there could be said to be an estoppel by acquiescence on the part of the appellant. The other errors assigned deserve no special notice. Perhaps the court in one or two instances more narrowly restricted the cross-examination of certain witnesses than it ought to have done, but, as these same conditions can hardly recur on a new trial, it is not necessary to specially mention the instances here.

The judgment is reversed, and the cause remanded for a new trial.

MOUNT, DUNBAR and ANDERS, JJ., concur.