[No. 42996.   En Banc.   May 2, 1974.]

CLIFFORD R. BARCLAY et al., Respondents, v. THE CITY OF SPOKANE, Appellant.

Richard F. Wrenn, Corporation Counsel, and Carleton B. Waldrop, Assistant, for appellant.

Quackenbush, Dean & Bailey and Jack R. Dean, for respondents.

BRACHTENBACH, J.—On January 1, 1972, the plaintiffs were employed in the Spokane police department. The Spokane Police Guild was their exclusive bargaining agent and

engaged in collective bargaining with the city from July 1971 to December 4, 1972. On the latter date, an agreement was executed between the guild and the city including a wage increase. Each of the plaintiffs had retired, resigned or was discharged prior to the date when the new agreement was executed.

This controversy arises from the provision in the agreement that it "shall be effective as of the first day of January, 1972." Plaintiffs brought suit to recover the difference between what they were paid after January 1, 1972, and what they would have received under the new agreement. Their theory is that they were employees on and after January 1, that the agreement was in effect during their employment due to its retroactive terms and therefore the increase should be paid to them.

The trial court granted a summary judgment in plaintiffs' favor. We affirm.

■ The defendant city argues that plaintiffs, at the time the agreement was executed, were not active employees within the purview of the public employees bargaining statute, RCW 41.56, when the agreement was executed and therefore were not intended to receive the retroactive increase. However, RCW 41.56.950 specifically authorizes a retroactive date for public employees bargaining agreements and provides that ". . . all benefits included in the new collective bargaining agreement including wage increases may accrue beginning with such effective date . . ." If the 1972 agreement had been entered into on January 1, 1972, it is clear that the plaintiffs would have received the wage increase until their termination of employment. By providing that the agreement was effective as of January 1, the same result was accomplished. It is as though the agreement was executed in fact on January 1. An identical result was reached in *Springer v. Powder Power Tool Corp.*, 220 Ore. 102, 348 P.2d 1112 (1960).

■■ The city submitted affidavits of its negotiators who alleged that while application of the retroactive pay raises for terminated employees was not discussed in nego-

tiations, it was not the *intent* of the city's negotiators that such employees were to receive the increase. Collective bargaining agreements are governed by the ordinary rules of contract law. *Atkinson v. Thrift Super Mkts., Inc.*, 56 Wn.2d 593, 354 P.2d 709 (1960). In interpreting a contract our purpose is to ascertain the intent of the parties, but that does not mean that we are to be guided by the unexpressed subjective intent of a party. Rather we are controlled by the objective manifestation of intent as expressed in the writing. *Jacoby v. Grays Harbor Chair & Mfg. Co.*, 77 Wn.2d 911, 468 P.2d 666 (1970). As indicated above, we interpret the contract to have been effective as of January 1, thereby entitling plaintiffs to the wage increase.

The city alternatively argues that plaintiffs are barred from relief because of their failure to follow the grievance procedures contained in the agreement. The city takes the position that if the plaintiffs are considered to be employees for purpose of the pay raise, they necessarily are employees who must comply with the grievance process. We do not agree because their rights and duties are to be ascertained with reference to different points in time. We have held that they were included employees on January 1, the effective date of the agreement. This does not mean that they were employees when their claims arose, which is the time which triggers the grievance process. Their claims could not have existed before the new agreement was adopted on December 4. At that point, they were not employed and could not then be employees.

Admittedly the dispute as to the amount of pay is within the language of the grievance provisions and would have to be exhausted under ordinary circumstances. However, by its very language the procedures are not applicable to this situation. First, a grievance, according to the contract, must be a claim or dispute by an employee or group of employees. When this claim arose none of the plaintiffs was an employee. All had been terminated. Second, the matter is to be presented to the employees' immediate supervisor.

These terminated employees obviously had no immediate supervisor. We hold that plaintiffs were not obligated to pursue the grievance procedures as those provisions were not intended to govern a person whose employment had terminated when his claim arose.

The judgment is affirmed.

HALE, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and UTTER, JJ., concur.