[No. 5814–0–III.   Division Three.   March 7, 1985.]

ROBERT YAW, ET AL, *Appellants,* v. WALLA WALLA
SCHOOL DISTRICT NO. 140, *Respondent.*

*Edward A. Hemphill,* for appellants.

*John S. Biggs,* for respondent.

HOPKINS, J.*—Robert Yaw and the Public School Employees of Walla Walla (PSE) appeal the trial court's dismissal of their complaint against the Walla Walla School District for breach of a collective bargaining agreement. We reverse and remand.

Mr. Yaw, a classified employee of the District, is a custodian covered by the provisions of a collective bargaining agreement between PSE and the District. The contract contains a provision for preference in promotions when the senior employee's "ability and performance are substantially equal with junior employees." Mr. Yaw applied for a head custodian position, but it was awarded to an employee with less seniority. Mr. Yaw filed a grievance, but it was denied on April 6, 1982. As required by the collective bargaining agreement, Mr. Yaw and PSE sought mediation with the Public Employment Relations Commission (hereafter PERC). PERC refused to mediate the dispute because of budgetary constraints. On August 6, 1982, PSE and Yaw filed an appeal based on RCW 28A.88.010. The trial court dismissed the matter as being inappropriate for judicial review, relying on RCW 7.04.010. Mr. Yaw and PSE appeal.

RCW 7.04.010 provides:

> Arbitration authorized. Two or more parties may agree in writing to submit to arbitration, in conformity with the provisions of this chapter, any controversy which may be the subject of an action existing between them at the time of the agreement to submit, or they may include in a written agreement a provision to settle by arbitration any controversy thereafter arising between them out of or in relation to such agreement. Such agreement shall be valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement.
>
> The provisions of this chapter shall not apply to any arbitration agreement between employers and employees

---

*Judge Cameron K. Hopkins is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

or between employers and associations of employees, and as to any such agreement the parties thereto may provide for any method and procedure for the settlement of existing or future disputes and controversies, and such procedure shall be valid, enforceable and irrevocable save upon such grounds as exist in law or equity for the revocation of any agreement.

The collective bargaining agreement provided for mediation with PERC, not arbitration. Thus, RCW 7.04.010 is not applicable. The failure of PERC to mediate as intended by the parties to the contract does not make arbitration mandatory pursuant to RCW 7.04.010, nor does the failure of the mediator to perform prohibit or preclude judicial review of contractual rights.

Washington Constitution, article 4, section 6, provides the superior courts of the State of Washington with general jurisdiction "in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court . . ." No statute is cited which would vest the District or PERC with exclusive jurisdiction under these facts, thus the court had jurisdiction.

Since we hold that the superior court has jurisdiction to hear this matter, it is necessary to discuss the scope of review. The superior court has jurisdiction in an appeal from an administrative agency's action to allow a trial de novo if the agency performs judicial functions; if the agency exercised its administrative power, the court is limited to consideration of whether the agency acted arbitrarily, capriciously or contrary to law. *Francisco v. Board of Directors,* 85 Wn.2d 575, 537 P.2d 789 (1975). There are four tests set forth in *Francisco,* at pages 579–81, to determine whether an administrative agency functions in a judicial capacity or in an administrative capacity. They are whether: (1) the court could have been charged in the first instance with the responsibility of making the decision; (2) the function of the agency is one that courts historically

have performed; (3) the agency performs judicial functions of inquiry, investigation, declaration and enforcement of liabilities as they stand on present or past facts and under existing laws; and (4) the agency's action is comparable to the ordinary business of courts.

The District admits Yaw had seniority over the successful junior applicant. Therefore, the question becomes whether the junior employee possesses ability and performance substantially greater than Yaw pursuant to the collective bargaining agreement. While admitting that the act of hiring is an administrative function, Yaw and PSE contend that the question of whether such hiring violated contractual rights is a judicial function.

The resolution of factual and legal disputes arising pursuant to contract is clearly a judicial function. *Chemical Bank v. WPPSS,* 102 Wn.2d 874, 894, 691 P.2d 524 (1984). Therefore, the review is de novo.

For the first time on appeal to this court, the District contends that the appeal to the superior court was untimely pursuant to RCW 28A.88.010, which requires the appeal to be filed within 30 days of the District's decision not to hire Yaw. Finding of fact 8, prepared by the District, states in part:

> That the School District does not dispute the timeliness of Plaintiff's request for PERC mediation or the timeliness of the Plaintiff's filing of this action and service on the Defendant School District.

This finding is supported by the attempts by both parties to mediate the dispute with PERC after notice of the District's refusal to hire Yaw. When PERC declined to mediate, the parties sought other procedures to resolve the dispute but were unsuccessful. When those negotiations broke down is a question of fact which the trial court has resolved and will not be disturbed on appeal.

Reversed and remanded.

MUNSON and THOMPSON, JJ., concur.

Review granted by Supreme Court May 24, 1985.