[No. 51577-8.   En Banc.   July 24, 1986.]

ROBERT YAW, ET AL, *Respondents*, v. WALLA WALLA SCHOOL DISTRICT NO. 140, *Petitioner*.

*John S. Biggs,* for petitioner.

*Edward A. Hemphill,* for respondents.

GOODLOE, J.—Robert Yaw worked for the Walla Walla School District as a custodian. He was a member of the Public School Employees of Walla Walla (Union), and his contractual relationship with the District was covered by the collective bargaining agreement between the Union and the District. This agreement provided:

> The employee with the earliest hire date shall have preferential rights regarding promotions, assignment to new or open jobs or positions . . . when ability and performance are substantially equal with junior employees.

Clerk's Papers, at 21.

A position for head custodian of one of the District schools became available, and although Yaw applied, an employee with less seniority was given the position. Yaw complained to the District because of the alleged breach of the collective bargaining agreement and filed a grievance complaint under Article 12 of this agreement. This section provided that if no satisfactory settlement of the dispute

occurred in early grievance procedures, "the grievance may be appealed to mediation through the Public Employment Relations Commission [PERC]". Clerk's Papers, at 26. Yaw made such a PERC appeal, but PERC declined to mediate because of budgetary constraints. Believing he had exhausted the grievance provisions of the collective bargaining agreement, Yaw subsequently filed a complaint in superior court alleging breach of contract and requested monetary relief. He further asked for an order requiring the District to award him the head custodian position.

The trial court dismissed Yaw's complaint pursuant to RCW 7.04.010. This statute requires the parties in an employment dispute to resolve the dispute using the arbitration provisions previously negotiated between the parties. The trial court held that this statute was broad enough to include mediation, which because of PERC's refusal, had not yet occurred. The trial court also held that any judicial review of the dispute, if it ever became applicable, would be on an arbitrary and capricious basis.

Yaw appealed this decision to the Court of Appeals, which reversed the trial court. *Yaw v. Walla Walla Sch. Dist. 140*, 40 Wn. App. 36, 696 P.2d 1250 (1985). The Court of Appeals held that because the agreement between the parties required mediation which fundamentally differed from arbitration, RCW 7.04.010 did not apply. Therefore, the appellate court remanded the case for trial. *Yaw*, at 38. The court further held that review should be de novo, as the case was a contract dispute and the District, in determining the rights of Yaw under the contract, acted in a quasi-judicial capacity. The District appealed to this court.

I

If an employer and an employee (or employee association) agree to submit a dispute to arbitration, RCW 7.04-.010 provides that the arbitration procedure, with limited exceptions not relevant here, is valid, enforceable and irrevocable. Several cases further hold that if the parties agree to arbitration, neither party may unilaterally bring an

action in the courts in lieu of the arbitration proceeding. *Tombs v. Northwest Airlines, Inc.,* 83 Wn.2d 157, 161, 516 P.2d 1028 (1973); *Meat Cutters Local 494 v. Rosauer's Super Markets, Inc.,* 29 Wn. App. 150, 627 P.2d 1330 (1981). The Court of Appeals found that RCW 7.04.010 did not apply in this action, as the District and Yaw had agreed to submit any dispute arising under the agreement to PERC mediation, and not to arbitration. *Yaw v. Walla Walla Sch. Dist. 140, supra.* We agree.

■ Arbitration "is a substitute forum designed to reach *settlement* of controversies, by extrajudicial means, *before* they reach the stage of an *action* in court." *Thorgaard Plumbing & Heating Co. v. County of King,* 71 Wn.2d 126, 131, 426 P.2d 828 (1967). Mediation involves the resort of the contesting parties to a third party who attempts to "persuade them to adjust or settle their dispute." Black's Law Dictionary 1133 (4th rev. ed. 1968). A mediator's opinion is advisory; an arbitrator's award is binding. RCW 49.08.010, the statute which would have governed the PERC mediation had it occurred, recognizes this distinction between mediation and arbitration. This statute provides that should the disputing parties still fail to agree to a settlement after mediation, the PERC should endeavor to have the parties agree to arbitrate.

■ Nevertheless, the superior court does not automatically have jurisdiction to hear this case even if RCW 7.04-.010 does not apply. Washington courts have long required parties to follow dispute resolving methods they have contracted to before they may resort to the courts. In *Jackson v. Walla Walla,* 130 Wash. 96, 226 P.2d 487 (1924), we held that an engineer must arbitrate his dispute (nonbinding and appealable to superior court) as provided in the contract before being allowed to bring an action in court. In *Barclay v. Spokane,* 83 Wn.2d 698, 700, 521 P.2d 937 (1974), we held that in an employment contract "grievance provisions . . . would have to be exhausted under ordinary circumstances" before an action could be brought in superior court.

Pursuant to the contract provisions, Yaw and the District attempted to have PERC mediate, but PERC refused. This court proceeding ensued a number of years after the other applicant assumed the head custodian's position. It would serve no purpose for this court to order some form of mediation. Common sense indicates that neither PERC nor any other mediator could resolve the dispute now.

Furthermore, recent cases show that in situations such as this one, where grievance procedures have been substantially complied with, where circumstances beyond the control of at least one of the parties have prevented exact compliance, and where even if exact compliance were possible the dispute still would likely not be resolved, no further extrajudicial dispute resolving procedure need occur. For example, in *Neilson v. Vashon Island Sch. Dist. 402*, 87 Wn.2d 955, 558 P.2d 167 (1976), a teacher contested the School District's decision not to give her a salary increase. The teacher complied with the grievance procedure, including mediation, but brought suit before the School District had completed the grievance procedure by formally acting on the mediator's recommendation to deny her salary increase. The court held that under those circumstances, since it was a foregone conclusion as to the board's decision, "the court should refrain from ordering the performance of a useless act", *Neilson,* at 960, by requiring the board to formally act before the case is to proceed. *See also Barclay v. Spokane, supra.*

We, too, in this case will not order performance of a useless act. We therefore hold that the grievance procedures set forth by the contract were substantially complied with, and that this case was properly before the Superior Court. We must therefore decide whether the scope of review should be arbitrary and capricious or de novo.

## II

Yaw brought his action for breach of a collective bargaining agreement and on the basis of RCW 28A.88.010. This statute provides: "Any person . . . aggrieved by any

decision or order of any school official or board, within thirty days after the rendition of such decision or order . . . may appeal the same to the superior court . . ." RCW 28A.88.015 further provides that "[a]ny appeal to the superior court shall be heard de novo by the superior court." Yaw maintains that as he was aggrieved by the District's decision not to promote him, he is entitled to a de novo review of the District's decision by the Superior Court. He also claims, and the Court of Appeals has held, that he should receive a de novo review of his breach of contract claim because of the inherent general jurisdiction of superior courts in Washington to review quasi–judicial acts of administrative agencies. *Yaw*, at 38.

Nevertheless, despite the clear language of RCW 28A.88.015, a de novo review of an administrative agency's decision is only permissible when the agency acts in a quasi–judicial manner. Review under RCW 28A.88.010 is limited to whether the agency acted arbitrarily, capriciously, or contrary to law in cases in which the agency acted in its administrative function. *Coughlin v. Seattle Sch. Dist. 1*, 27 Wn. App. 888, 621 P.2d 183 (1980) (review of a school board's decision concerning the adequacy of environmental impact statement limited to whether it was arbitrary and capricious because decision was administrative); *Lane v. Ocosta Sch. Dist. 172*, 13 Wn. App. 697, 537 P.2d 1052 (1975) (denying de novo review under RCW 28A.88.015 for school board's administrative decision to change location of bus stops). As this court stated in *Francisco v. Board of Directors*, 85 Wn.2d 575, 578–79, 537 P.2d 789 (1975), concerning a similar statute authorizing de novo review by the superior court of a school board decision:

> In reviewing the law on judicial review of administrative action, the *constitutional* jurisdiction of the superior court on appeal from agency action is as follows: If the power exercised by an agency is essentially administrative, the superior court, upon appeal provided by statute, is limited to a consideration of whether the agency acted

> arbitrarily, capriciously, or contrary to law. *Household Fin. Corp. v. State,* 40 Wn.2d 451, 244 P.2d 260 (1952); *In re Harmon,* 52 Wn.2d 118, 323 P.2d 653 (1958). If the administrative agency performs an essentially judicial function, the superior court, on appeal from a decision of the board, has, if there is a statute so permitting, the *constitutional* power to allow a trial de novo. *Floyd v. Department of Labor & Indus.,* 44 Wn.2d 560, 269 P.2d 563 (1954).

(Italics ours.) Therefore, we need to decide whether or not the District's action in denying Yaw's promotion was a quasi–judicial act justifying de novo review.

In the *Francisco* decision, we listed four steps to determine if an agency's action is administrative or quasi–judicial. They are whether: (1) the court could have been charged in the first instance with the responsibility of making the decision; (2) the function of the agency is one that courts have historically performed; (3) the agency performs functions of inquiry, investigation, declaration and enforcement of liabilities as they stand on present or past facts under existing laws; and (4) the agency's action is comparable to the ordinary business of courts. *Francisco,* at 579–81; *Yaw v. Walla Walla Sch. Dist. 140,* 40 Wn. App. 36, 38–39, 696 P.2d 1250 (1985).

The Court of Appeals decided that the case involved a determination of Yaw's contract rights, and that historically courts have made this kind of determination. Therefore, the District acted in a quasi–judicial capacity justifying de novo review. We agree.

■ According to the 4–step *Francisco* test, the court could have decided the relevant facts and determined which of the employees to promote as it had a clear contractual standard on which to base its decision. The courts have historically resolved contract disputes with contested facts, and even in this case, in which the parties do not dispute the meaning of the contractual provision "substantially greater skills", if it were determined that the junior employee's skills were somewhat superior to Yaw's, the interpretation of that provision would become highly rele-

vant. That interpretation of the agreement would be a question of law. *Chemical Bank v. WPPSS,* 102 Wn.2d 874, 894, 691 P.2d 524 (1984), *cert. denied,* 471 U.S. 1065, 1075 (1985); *Kelly v. Aetna Cas. & Sur. Co.,* 100 Wn.2d 401, 670 P.2d 267 (1983). Furthermore, the District, in deciding who to promote, would be investigating, declaring and enforcing the rights and obligations of Yaw and the junior employee, which again resembles the ordinary business of courts.

This analysis agrees with the conclusion of the Court of Appeals reached in *Benson v. Roberts,* 35 Wn. App. 362, 666 P.2d 947 (1983). In *Benson,* a teacher's contract provided that employees "'shall perform . . . duties as are prescribed by . . . *policies, rules and regulations* [of the school board]'." *Benson,* at 367. The employees had apparently missed a number of days from work because of the Mount St. Helens eruption, and had their pay reduced accordingly. The Court of Appeals held that the interpretation of the policies of the school board incorporated in the teacher's contract was the type of action covered by RCW 28A.88.010. *Benson,* at 367–68. This meant that the interpretation of the contract was a quasi–judicial act which justified de novo review under RCW 28A.88.015. It is worth noting that the case was heard in the Court of Appeals without a trial and without any indication in the opinion that the facts had been stipulated. Therefore, the Court of Appeals would have ordered a new trial but for the running of the statute of limitations. Thus, *Benson* is analogous to the present case. The facts, disputed or agreed, should be decided by the trial court and then the court would interpret the contract with regard to the facts.

We disagree with the District's contention that our decision in *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 511 P.2d 52 (1973) mandates the opposite conclusion. In *Hood,* a state employee was dismissed from his position for cause. He appealed to the Personnel Board, an agency created by statute designed to implement "scientific methods governing the appointment, promotion, transfer, layoff . . . of its civil employees". *Hood,* at 400–01, quoting RCW

41.06.010. This agency heard his appeal and ordered the employee to be reinstated at his previous position. His employer appealed to the Superior Court, and later to the Court of Appeals and then to us. We held that review of the Personnel Board's decision would be limited to whether the Board acted arbitrarily and capriciously as it functioned in an administrative capacity when it heard the employee's appeal.

We based our decision on what would become the second prong of the *Francisco* test: whether historically the court could have performed this function. We stated:

> Personnel administration was left exclusively to the discretion of management. Thus, there were no functions which the courts had or even could have performed prior to the creation of the Personnel Board. Furthermore, the act which created the agency also created the rights which were to be protected by the agency.

*Hood,* at 401. Therefore, the Personnel Board promulgated various rules for the scientific management of state personnel administration and, on appeal from an aggrieved employee, would decide whether the employee acted according to these rules. The Board's application of facts to the rules which it created, and which otherwise would simply not have existed, was considered an administrative action.

Although historically personnel management was not subject to judicial review, a distinction exists between a new employee right created and enforced by an administrative agency, such as the Personnel Board, and a right created by a contract between an employer and an employee. The courts in Washington have long enforced contractual rights in employment relationships. *Moynahan v. Interstate Mining, Milling & Dev. Co.,* 31 Wash. 417, 72 P. 81 (1903); *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 685 P.2d 1081 (1984). Furthermore, the Personnel Board could change the rules or reinterpret the existing rules regarding dismissals or promotions if it found that the rules did not fulfill the function of effective personnel adminis-

tration. The District, however, could not unilaterally change bargained for contractual terms. These distinctions refute the contention that historically the enforcement of employment contracts as opposed to the management of personnel without express agreement are administrative rather than judicial functions.

Yaw is therefore entitled to a de novo review of his grievance in superior court. The collective bargaining agreement between his union and the District creates a contractual right which is enforceable in superior court. We therefore affirm the Court of Appeals decision overturning the Superior Court's dismissal of Yaw's complaint. Any further review shall be de novo.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and DURHAM, JJ., concur.