201 P.3d 396 (2009)
KITSAP COUNTY DEPUTY SHERIFF'S GUILD, Appellant,
v.
KITSAP COUNTY, Respondent.
No. 37173-1-II.
Court of Appeals of Washington, Division 2.
February 18, 2009.
*397 James Michael Cline, Cline & Associates, Seattle, WA, for Appellant.
Jacquelyn Moore Aufderheide, Ione Susan George, Kitsap County Prosecutor's Office, Port Orchard, WA, for Respondent.
HOUGHTON, J.
¶ 1 The Kitsap County Sheriff's Guild (Guild) appeals from a trial court decision that grievances could not be brought under particular collective bargaining agreements that it found had lapsed. We reverse and remand with instructions to resolve the grievances under the collective bargaining agreement (CBA) terms.

FACTS
¶ 2 The Guild represents deputies up to the rank of sergeant. The Guild has entered into several CBAs with Kitsap County. These have frequently expired before the parties executed a new CBA. When later entered into, the new CBAs included retroactive terms.
¶ 3 There are two CBAs at issue here. The CBA that was fully executed on August 22, 2005, provided:
ARTICLE V  TERM
This agreement shall be in full force and effect between the Guild and Employer, Kitsap County, from January 1, 2003 through December 31, 2005.
Clerk's Papers (CP) at 386. And the one that was fully executed on July 24, 2006 provided:
ARTICLE V  TERM
This Agreement shall be in full force and effect between the Guild and Employer, Kitsap County, from January 1, 2006 through December 31, 2007.
CP at 443.
¶ 4 Each CBA required that disciplinary measures, or grievances, against deputies first would go through an internal grievance process that included an investigation and written notice to the aggrieved deputy. If not satisfactorily settled, the CBA permitted the Guild to seek arbitration by written request within 30 days of the final internal decision.
¶ 5 This appeal involves Kitsap County's refusal to arbitrate grievances that the Guild says occurred in the period between the expiration of one CBA and the execution of a new CBA. The Guild claimed that seven grievances[1] fell under the 2003-2005 CBA and that three grievances fell under the 2006-2007 CBA.
¶ 6 The Guild sought declaratory relief under these two CBAs. Both parties filed motions for summary judgment. At hearing on the matter, the trial court determined that Maple Valley Professional Fire Fighters Local 3062 v. King County Fire Protection District No. 43, 135 Wash.App. 749, 145 P.3d 1247 (2006), controlled and that a grievance could not be brought under an expired CBA. Concluding that retroactive language in either CBA did not "resurrect" occurrences that took place during the CBAs' hiatuses, the trial court ruled in favor of Kitsap County.
¶ 7 The Guild appeals.

ANALYSIS
¶ 8 The Guild contends that the grievances fit under the CBAs' retroactive language and that Kitsap County must abide by those agreements. It asserts that the trial court should not have relied on the reasoning in Maple Valley, 135 Wash.App. 749, 145 P.3d 1247, because there the CBA had expired *398 and no retroactive agreement took its place.[2] We agree.
¶ 9 We consider CBAs to be governed under ordinary principles of contract law. Barclay v. City of Spokane, 83 Wash.2d 698, 700, 521 P.2d 937 (1974). We interpret a contract to ascertain the parties' objective intent by looking at the writing. Barclay, 83 Wash.2d at 700, 521 P.2d 937. We treat a retroactive agreement as if it was executed on the first date of the retroactive term.[3]Barclay, 83 Wash.2d at 700, 521 P.2d 937.
¶ 10 Here, the parties expressed their intent to retroactively apply all of the CBAs' terms when they signed each new CBA. When fully executed, each new CBA applied retroactively, covering any grievances that occurred between the dates set forth in the new agreement. The trial court erred in ruling in favor of Kitsap County instead of the Guild. Thus, we reverse and remand.

ATTORNEY FEES
¶ 11 The Guild seeks attorney fees. Washington courts employ the American Rule regarding attorney fees, declining to award them in the absence of a contract, statute, or recognized ground in equity. Bowles v. Dep't of Retirement Sys., 121 Wash.2d 52, 70, 847 P.2d 440 (1993). In support, the Guild improperly cites an unpublished Washington case. GR 14.1(a). Thus, we do not consider it as support. Johnson v. Allstate Ins. Co., 126 Wash.App. 510, 519, 108 P.3d 1273 (2005). Because the American Rule applies here and there is not contract, statute, or recognized equity ground supporting an award, we decline to award attorney fees.
¶ 12 Reversed and remanded with instructions to resolve the grievances under the applicable CBA.[4]
We concur: HUNT, J., and VAN DEREN, C.J.
NOTES
[1] We do not address the circumstances of Brian LaFrance's grievance as our Supreme Court has taken review of our decision vacating an arbitration award that reinstated him. Kitsap County Deputy Sheriff's Guild v. Kitsap County, 163 Wash.2d 1038, 187 P.3d 270 (2008).
[2] Kitsap County cites inapposite case law and agency opinions from the Washington Public Employment Relations Commission in support of the trial court ruling. None supports the trial court because they do not involve retroactive CBAs.

Kitsap County also claims that the Guild cannot arbitrate the grievances because RCW 41.56.450-.465 allows arbitration when there is a dispute over employee interests  wages, benefits, etc.  and not grievances. In support, it cites an incomplete portion of 20 Richard A. Lord, Williston on Contracts § 56:6, at 375 (4th ed.2001):
If a grievance concerning a dispute is submitted when no collective bargaining agreement is in force, neither party is obligated to arbitrate the grievance is in force, neither party is obligated to arbitrate the grievance even though a collective bargaining agreement requiring arbitration of grievances subsequently becomes effective.
(Footnote omitted.) The portion that Kitsap County leaves out supports the Guild and our resolution here. Williston goes on to say:
This is because arbitration is solely a matter of contract. On the other hand, the parties may agree . . . that a subsequent collective bargaining agreement would be retroactively effective.
Williston, supra, at 375-76.
[3] We note that the Public Employees' Collective Bargaining Act, RCW 41.56.950, also authorizes retroactive agreements provided they begin, as happened here, on the day after the prior agreement expired.
[4] Because we reverse and remand, we do not address the Guild's argument that the trial court erred in denying its motion for reconsideration or its argument on arbitrability.